THOMAS M. MCINERNEY, SBN 162055
tmm@ogletree.com
SARAH ZENEWICZ, SBN 258068
sarah.zenewicz@ogletree.com
SEAN M. KRAMER, SBN 293850
sean.kramer@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
Steuart Tower, Suite 1300
One Market Plaza
San Francisco, CA  94105
Telephone:  415-442-4810
Facsimile:  415-442-4870

Attorneys for Defendant
CHEMTRADE WEST US LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BLAKE; ROLANDO LUGO; BRITON DAVIS; TASHYIA SMITH; KYLE DAVIS; and MARCO GUTIERREZ,<br><br>Plaintiffs,<br><br>v.<br><br>CHEMTRADE WEST US LLC, and DOES 1 through 10,<br><br>Defendants. | Case No. 4:20-cv-07577<br><br>**DEFENDANT CHEMTRADE WEST US LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1331, 1367, 1441, AND 1446**<br><br>*[Alameda County Superior Court Case No. RG20071102]*<br><br>*[Filed Concurrently with Certificate of Interested Parties; Disclosure Statement; and Civil Cover Sheet]*<br><br>Complaint Filed:  August 17, 2020<br>Trial Date:           None Set |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE** that Defendant Chemtrade West US LLC ("Chemtrade"), by and through its counsel of record, hereby removes the above-captioned action filed by Plaintiffs David Blake, Rolando Lugo, Briton Davis, Tashyia Smith, Kyle Davis, and Marco Gutierrez ("Plaintiffs") from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. sections 1331, 1367, 1441, and 1446, because the action filed by Plaintiffs presents a federal question by alleging that Defendant violated the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201, *et seq*.).

Defendant makes the following allegations in support of its Notice of Removal:

**I.   THE STATE COURT ACTION**

1. On August 17, 2020, Plaintiffs filed a Complaint for Damages in Alameda Superior Court against Chemtrade, entitled *David Blake; Rolando Lugo; Briton Davis; Tashyia Smith; Kyle Davis; and Marco Gutierrez v. Chemtrade West US LLC*, bearing case number RG20071102, alleging wage and hour claims under California law, including for (1) failure to authorize and permit uninterrupted duty free meal periods, (2) failure to authorize and permit paid rest breaks, (3) failure to provide accurate itemized wage statements, and (4) violation of California's unfair competition law (the "Complaint").

2. Plaintiffs served Chemtrade with the Complaint on August 27, 2020. True and correct copies of the filed Summons, Complaint, Civil Case Cover Sheet, and other documents served on Chemtrade together with the Complaint are attached to this Notice of Removal ("Notice") as **Exhibit A**.

3. Chemtrade timely filed an Answer to Plaintiffs' Complaint in state court on September 29, 2020. A true and correct copy of the filed Answer is attached to this Notice as **Exhibit B**.

4. On September 28, 2020, Plaintiffs' filed a First Amended Complaint for Damages ("FAC") against Chemtrade, the operative complaint in this action, which asserts an additional claim under federal law, for failure to pay overtime under the FLSA and its corresponding

regulations, 29 U.S.C. section 207(a) and 29 CFR section 778.105.  Plaintiffs also added a claim for failure to pay overtime under California law.  A true and correct copy of the filed FAC is attached hereto as **Exhibit C**.

5. Chemtrade timely filed an Answer to Plaintiffs' FAC in state court on October 27, 2020.  A true and correct copy of the Answer as submitted by Chemtrade to Alameda Superior Court for filing on October 27, 2020 is attached to this Notice as **Exhibit D**.

6. In addition, on August 21, 2020, the state court issued a Notice of Case Management Conference and Order, setting an initial Case Management Conference in this case for January 7, 2021, a true and correct copy of which is attached hereto as **Exhibit E**.

7. On or about September 28, 2020, Plaintiffs filed a Notice of Related Case.  A true and correct copy of the Notice of Related Case as served on Chemtrade is attached hereto as **Exhibit F**.

## II. VENUE

8. The Superior Court of California, County of Alameda, is located within the territory of the Northern District of California.  Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. section 84(a) because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III. REMOVAL TO FEDERAL COURT IS PROPER

### A. Removal is Proper Based on Federal Question Jurisdiction

9. This action is properly removable under 28 U.S.C. section 1441(a), because the United States District Court has original jurisdiction pursuant to 28 U.S.C. section 1331, which provides that "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the Unites States."

10. Plaintiffs' FAC pleads that Defendant violated the FLSA, specifically 29 U.S.C. section 207(a) and 29 C.F.R. section 778.105, by failing to pay overtime.  (Exhibit C, FAC ¶¶ 9, 37-47.)  By asserting claims under federal law, specifically the FLSA, Plaintiffs' FAC asserts a federal question under 28 U.S.C. section 1331.  Accordingly, this case is properly removable under 28 U.S.C. section 1441(a).  Indeed, it is well established that actions brought under the FLSA are

removable to federal court. *Breuer v. Jim's Concrete of Brevard*, *Inc.*, 538 U.S. 691, 695–697, 700 (2003) (claim for alleged violation of the FLSA provides basis for federal question removal).

11. Plaintiffs also assert claims based on California law for overtime, failure to authorize and permit uninterrupted duty free meal periods, failure to authorize and permit paid rest breaks, failure to provide accurate itemized wage statements, and violation of California's unfair competition law. Pursuant to 28 U.S.C. section 1367(a), this Court has supplemental jurisdiction over Plaintiffs' state law claims because their state law claims are based on the same common nucleus of operative facts as Plaintiffs' claims under federal law. *See Rivera v. Rivera*, 2011 WL 1878015, at *2 (N.D. Cal. May 17, 2011) (court found supplemental jurisdiction existed over plaintiffs' California Labor Code and UCL claims based on court's federal question jurisdiction over FLSA overtime claim). Further, Plaintiffs' state law claims do not involve any novel or complex issue of state law, do not substantially predominate over Plaintiffs' FLSA claim, and no exceptional or compelling circumstances exist for this Court to decline jurisdiction. 28 U.S.C. § 1367(a).

## IV. SATISFACTION OF PROCEDURAL REQUIREMENTS

### A. Timeliness

12. As required by 28 U.S.C. section 1446(b), this Notice of Removal was filed within 30 days after Chemtrade was first served with a copy of the FAC, which is the first pleading that posed a federal question providing this Court with original jurisdiction over the action.

### B. Procedural Requirements

13. Pursuant to 28 U.S.C. section 1446(a), copies of all process, pleadings and orders served upon Chemtrade are exhibits to this Notice of Removal.

14. Pursuant to 28 U.S.C. section 1446(d), a "Notice to Plaintiffs and Clerk of the California Superior Court of Removal of Civil Action to United States District Court" (to include a copy of this Notice of Removal and all Exhibits) will be promptly filed with the Clerk of the Superior Court for the County of Alameda, and served on all other parties to this action, as required under 28 U.S.C. section 1446(d).

## V. INTRADISTRICT ASSIGNMENT

15. Pursuant to Local Rule 3-2(d), Removal and Intradistrict Assignment to the San Francisco or Oakland Division of this Court is proper because the alleged acts and occurrence arose in the County of Alameda.

## VI. CONCLUSION

16. For the reasons set forth above, Plaintiffs' claims are properly removable under 28 U.S.C. sections 1331, 1367 and 1441 because the FAC raises claims under the laws of the United States over which this Court has original jurisdiction under the FLSA, 29 U.S.C. § 206, *et seq*. Accordingly, Chemtrade respectfully requests that the action now pending against it in the Superior Court of California, County of Alameda, be removed to this Court.

17. In the event this Court has a question regarding the propriety of this Notice of Removal, Chemtrade respectfully requests that the Court issue an Order to Show Cause, so Chemtrade may submit a more detailed brief and/or explanation outlining the bases for removal.

DATED:  October 28, 2020

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Sarah Zenewicz*
THOMAS M. MCINERNEY
SARAH ZENEWICZ
SEAN M. KRAMER

Attorneys for Defendant
CHEMTRADE WEST US LLC

44649532.2