CAREN P. SENCER, BAR NO. 233488
COREY KNISS, BAR NO. 330128
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608-2609

Telephone (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
         csencer@unioncounsel.net
         ckniss@unioncounsel.net

Attorneys for Plaintiffs DAVID BLAKE;
ROLANDO LUGO; BRITON DAVIS;
TASHYIA SMITH; KYLE DAVIS;
MARCO GUTIERREZ; GIOVANNI LOPEZ; and ERIC KINDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BLAKE; ROLANDO LUGO; BRITON DAVIS; TASHYIA SMITH; KYLE DAVIS; MARCO GUTIERREZ; GIOVANNI LOPEZ; AND ERIC KINDER<br><br>Plaintiffs,<br><br>v.<br><br>CHEMTRADE WEST US LLC, and Does 1-10,<br><br>Defendants. | Case No. 20-cv-07577-KAW<br><br>**FOURTH AMENDED COMPLAINT FOR WAGES, DAMAGES**<br><br>Judge: Hon. Kandis A. Westmore<br>Complaint Filed:  08/17/2020 |

## I. PARTIES

1. Defendant Chemtrade West US LLC ("Defendant") is a Delaware Limited Liability Company doing business in the state of California, and is a "person" as defined in California Labor Code ("Labor Code") § 18 and California Business and Professions Code ("B&P Code") § 17201. In addition, Defendant is an "employer" as that term is used in the Labor Code and in the California Industrial Welfare Commission's wage orders regulating wages, hours, and working conditions.

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

2. Defendant owns and operates two chemical recycling and manufacturing plants in the State of California, one in Richmond, California and one in Bay Point, California.

3. Plaintiffs David Blake; Rolando Lugo; Briton Davis; Tashyia Smith; Kyle Davis; Marco Gutierrez, Giovanni Lopez, and Eric Kinder (collectively "Plaintiffs") are and have been employed by Defendant as Chemical Operators at all times relevant to this Complaint. Plaintiffs bring this action as individuals in joinder.

4. The claims set forth in this Complaint in the First, Second, and a portion of Sixth Cause of Action cover the period beginning in February 2015 to the present. Plaintiffs' claims extend beyond the statutory period of three years under the Labor Code and four years under the B&P Code because the statutory period was tolled during the pendency of a prior putative class action (*Casarez v. Chemtrade West US LLC*, Alameda County Superior Court Case No. RG19008007) against Defendant for similar claims. (*Falk v. Children's Hospital Los Angeles* (2015) 237 Cal.App.4th 1454, 1468). The Third, Fourth, Fifth, and a portion of Sixth Cause of Action are subject to a four year statute of limitations under the Business and Professions Code, covering the period from August 2016 to the present.

5. Venue is proper in this Court because California Code of Civil Procedure §§ 395 and 395.5, and case law interpreting those sections, provide that if a foreign business entity fails to designate with the office of the California Secretary of State a principal place of business in California, it is subject to being sued in any county in the state that Plaintiffs desire. On information and belief, as of the date of this Complaint is filed, Defendant Chemtrade West US LLC is a foreign business entity and has failed to designate a principal place of business in California with the office of the Secretary of State.

## II. JURY DEMAND

6. Plaintiffs demand a jury trial.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to sections 3, 7 and 16(b) of the FLSA, 29 U.S.C. § 201 et seq. and through the provisions of 28 U.S.C. § 1337, relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

Supplemental jurisdiction over state law claims is provided by 28 U.S.C. § 1367.

8. Venue properly lies within this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within this district, and Defendant is domiciled and conducts the primary portion of its business within this district.

9. Venue properly lies within the Oakland division of this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claim occurred within this division, and Defendant is domiciled and conducts the primary portion of its business within this division.

## IV. GENERAL ALLEGATIONS

10. The wages, hours and working conditions of individuals employed in the manufacturing industry, such as Plaintiffs, are regulated by Industrial Welfare Commission Wage Order 1-2001, Cal. Code Regs. tit. 8, § 11010 ("Wage Order 1") and various provisions of the Labor Code.

11. California Labor Code §1197 states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." The applicable minimum wages fixed by the commission for manufacturing industry workers is found in Wage Order 1-2001(4)(A), which states: "Every employer shall pay to each employee wages not less than . . . (a) Ten dollars and fifty cents ($10.50) per hour for all hours worked, effective January 1, 2017; (b) Eleven dollars ($11.00) per hour for all hours worked, effective January 1, 2018; (c) Twelve dollars ($12.00) per hour for all hours worked, effective January 1, 2019; and (d) Thirteen dollars ($13.00) per hour for all hours worked, effective January 1, 2020 . . ."

12. The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a) which states: "Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608-2609 (510) 337-1001

3
FOURTH AMENDED COMPLAINT FOR DAMAGES

13. California Labor Code §1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." An employee who is paid less than the minimum wage for any hours worked is therefore entitled to his or her unpaid wages at their regular rate of pay in addition to liquidated damages at the equal to the unpaid minimum wages, plus interest. Cal. Labor Code §§ 98, 1194.2.

14. At all relevant times, Defendants have tracked the hours worked by each Plaintiff by instructing the Plaintiffs to manually record their start and end times on physical timecards provided by Defendants.

15. At all relevant times, Defendants have regularly issued paychecks which failed to include wages for each and every hour worked as recorded by Plaintiffs without Plaintiffs' knowledge or consent. Defendants have therefore failed to pay Plaintiffs for all hours worked, in violation of the above cited provisions.

16. Under the terms of Wage Order 1, § 11, employees are entitled to a first meal period of not less than 30 minutes during which they are relieved of all duties prior to the end of their fifth hour of work. Employees are entitled to a second duty-free meal period of not less than 30 minutes prior to the start of their tenth hour of work.

17. Under the terms of Wage Order 1, § 12, employees are entitled to an uninterrupted paid ten-minute rest period for every four (4) hours of work, or major fraction thereof.

18. Under the terms of the Fair Labor Standards Act, employees are entitled to have their hours calculated for the purposes of overtime payments based on a single workweek of seven consecutive days. Overtime is incurred after 40 hours of work in a work week under federal law. 29 U.S.C. § 207.

19. Defendant failed to provide legally compliant meal periods in violation of Labor Code § 226.7 and Wage Order 1, § 11. Defendant did not permit Plaintiffs to take a 30 minute, duty free meal period before the end of the fifth hour of work, or before the tenth hour of work. Plaintiffs were only permitted one twenty-minute break per shift. Plaintiffs never waived their

rights under Labor Code § 512 and Wage Order 1, § 11.

20. Defendant failed to authorize and permit rest breaks in violation of Labor Code § 226.7 and Wage Order 1, § 12. Plaintiffs were not provided with a paid, duty-free rest period for every four hours of work or major fraction thereof. Defendant only permitted Plaintiffs to take one twenty-minute break per shift.

21. Labor Code § 226.7 and Wage Order 1, § 11 require an employer to provide an employee with one additional hour of pay at the employee's regular rate to compensate for each day any meal period was not provided but should have been provided.

22. Labor Code § 226.7 and Wage Order 1, § 12 require an employer to provide an employee with one additional hour of pay at the employee's regular rate to compensate for each day any rest period was not provided but should have been provided.

23. Labor Code § 226(a) requires that an employer shall, at the time of each payment of wages, provide each employee with a written itemized statement showing wages, hours worked, the number of piece-rate units earned, the applicable piece-rate if the employee is paid on a piece-rate basis, and the name and address of the legal entity that is the employer. Similar requirements are imposed under Wage Order 1, § 7.

24. Plaintiffs generally worked shifts of 12 hours or more per day. Plaintiffs were entitled to at least three (3) rest periods and two meal periods for each 12 hour shift worked. Plaintiffs never received an additional hour of pay for any day on which they missed a statutorily required meal period. Plaintiffs never received an additional hour of pay for any day on which they missed a statutorily required rest period.

25. The collective bargaining agreement adopted by the employer does not provide for a permissible alternative workweek schedule. The collective bargaining agreement adopted by the employer impermissibly calculates overtime hours based on a biweekly period of 80 hours. Therefore, plaintiffs are entitled to overtime premium pay for all hours worked over 40 in one week, and all hours worked over 10 in one day.

26. Defendant failed to provide Plaintiffs with accurate itemized statements when it failed to list all applicable hourly rates, failed to list the accurate gross wages earned by Plaintiffs,

and failed to include an address for an employer that is located within the United States.

27. Labor Code § 202 requires an employer to pay all wages due to an employee at the time of separation of employment within 72 hours of an employee resigning his or her position. Labor Code § 203 provides that if an employer willfully fails to pay wages when due to an employee who is discharged or quits, the employee's wages continue at the same rate until the employer pays or until suit is filed, but not for more than thirty (30) days.

## V.     FIRST CAUSE OF ACTION

**(FAILURE TO AUTHORIZE AND PERMIT UNINTERRUPTED DUTY FREE MEAL PERIODS)**

**(Wage Order 1, § 11, Labor Code §§ 226.7 and 512)**

28. Plaintiffs David Blake; Rolando Lugo; Briton Davis; Tashyia Smith; Kyle Davis; and Marco Gutierrez re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 27 above, inclusive, as though fully set forth at length herein.

29. Labor Code §512 and Wage Order 1, § 11 require the employer to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes prior to the end of the fifth hour of work, for every period of work exceeding five hours.

30. Labor Code § 226.7 and Wage Order 1, § 11 prohibit employers from requiring an employee to work during mandatory meal periods, and provide that an employer who fails to provide an employee with a mandatory meal period must pay the employee an additional hour of pay at the employee's regular rate of compensation for each workday that a meal period is not provided.

31. At all times relevant hereto since February 2015, Plaintiffs regularly worked in excess of twelve hours per day, and were thereby entitled to take an uninterrupted 30-minute meal period prior to the end of the fifth and at tenth hour of work, respectively. Defendant consistently failed to provide Plaintiffs with any statutorily compliant meal periods.

32. Labor Code § 218 provides Plaintiffs with a private right of action to recover wages under the Labor Code. The payments owed to employees for meal periods not provided are premium wages under Labor Code § 226.7.

33. Labor Code § 218.6 provides for an award of interest on all due and unpaid wages. Plaintiffs seek to recover interest on all wages due under the Section.

34. Plaintiffs are entitled to and hereby seek premium pay for meal periods not provided after the sixth hour of work and for meal periods not provided after the tenth hour of work and interest on the unpaid amounts in amounts to be proven at trial.

35. Plaintiffs seek to recover the unpaid balance of the full amount of these unpaid wages, including interest thereon, reasonable attorney's fees, and costs of suit under Code of Civil Procedure § 1021.5.

36. Wage Order 1, § 20(A) provides for civil penalties for violations of the Wage Order. As a result of Defendant's violation of Wage Order 1, § 11, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period.

Wherefore, Plaintiffs pray for judgment as set forth below.

## VI.   SECOND CAUSE OF ACTION
### (FAILURE TO AUTHORIZE AND PERMIT PAID REST BREAKS)
### (Wage Order 1, § 12, Labor Code § 226.7)

37. Plaintiffs David Blake; Rolando Lugo; Briton Davis; Tashyia Smith; Kyle Davis; and Marco Gutierrez re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 36 above, inclusive, as though fully set forth at length herein.

38. Wage Order 1, § 12 requires the employer to authorize and permit paid rest breaks at a rate of ten (10) minutes for every four (4) hours worked or major fraction thereof.

39. Labor Code § 226.7 and Wage Order 1, § 12 require the payment of compensation for the failure to authorize and permit paid rest breaks in accordance with the applicable Wage Order of one additional hour of pay for each work day that the paid rest break(s) is not provided.

40. Defendant's failure to authorize and permit paid rest breaks in accordance with Wage Order 1, § 12 entitles Plaintiffs to the remedy provided in Labor Code § 226.7 and Wage Order 1, § 12.

41. Labor Code § 218 provides Plaintiffs with a private right of action to recover

wages under the Labor Code.  The payments owed to Plaintiffs for paid rest breaks not provided are premium wages under Labor Code § 226.7.

42. Labor Code § 218.6 provides for an award of interest on all due and unpaid wages.  Plaintiffs seek to recover interest on all wages due under the Section.

43. Plaintiffs are entitled to and hereby seek premium pay for paid rest breaks not provided and interest on the unpaid amounts in amounts to be proven at trial.

44. Plaintiffs seek to recover the unpaid balance of the full amount of these unpaid wages, including interest thereon, reasonable attorney's fees, and costs of suit under Code of Civil Procedure § 1021.5.

45. Wage Order 1, § 20(A) provides for civil penalties for violations of the Wage Order.  As a result of Defendant's violation of Wage Order 1, § 12, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 per employee for the first violation and $100 per employee for each subsequent pay period.

Wherefore, Plaintiffs pray for judgment as set forth below.

### VII.  THIRD CAUSE OF ACTION
### (FAILURE TO PAY OVERTIME)
**(29 USC § 207(a), 29 C.F.R. § 778.105)**

46. All Plaintiffs re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 45 above, as though fully set forth at length herein.

47. The Fair Labor Standards Act, 29 USC § 207(a) and 29 C.F.R. § 778.105, requires that the workweek is defined as a period of seven consecutive days for the purposes of calculating hours to determine weekly overtime. .

48. At all relevant times, Defendants required Plaintiff to work shifts of more than 40 hours per workweek without providing overtime compensation for each hour worked beyond 40 in a work week.

49. At all relevant times, the collective bargaining agreement has provided for overtime based on a biweekly calculation, providing premium payment only for hours worked in excess of 80 hours per every two weeks.

50. At all relevant times, Plaintiffs have consistently worked alternating weeks consisting of three 12-hour shifts and four 12-hour shifts. All hours over 40 in a single week for should have been paid at the overtime rate. Defendants failed to pay Plaintiffs the requisite overtime wages at all relevant times during the statutory period preceding the filing of this complaint.

51. Plaintiffs have been deprived of rightfully earned overtime compensation as a direct and proximate result of Defendants' failure and refusal to adhere to the requirements set forth in the foregoing statutes and regulations. Plaintiffs are entitled to recover such amounts, plus interest thereon, attorneys' fees, and costs.

## VIII. FOURTH CAUSE OF ACTION
## (FAILURE TO PAY ALL WAGES DUE AT SEPARATION)
## (LABOR CODE §§ 202, 203)

52. Plaintiffs David Blake, Giovanni Lopez, and Eric Kinder re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 51 above, as though fully set forth at length herein.

53. Labor Code § 202 provides that an employee who quits is entitled to all wages owing within seventy-two (72) hours of quitting, unless that employee provides at least seventy-two (72) hours' notice to the employer, in which case the employer immediately must pay all wages owing at the time of separation. Labor Code § 201 requires immediate payment of wages to an employee terminated by an employer.

54. Labor Code § 203 provides that if an employer willfully fails to pay wages when due to an employee who is discharged or quits, the employee's wages continue at the same rate until the employer pays or until suit is filed, but not for more than thirty (30) days.

55. Plaintiffs Blake, Lopez, and Kinder were deprived of wages upon separation due to Defendant's failure to pay all wages Plaintiff Blake had earned.

56. In addition to the wages due for prior work, Plaintiffs Blake, Lopez, and Kinder are entitled to one day's wages for every day Defendant failed to pay wages owed upon separation, up to thirty (30) days' pay in amounts to be proven at trial.

57. Plaintiffs seek to recover attorneys' fees and costs incurred in recovering unpaid but earned wages pursuant to Labor Code § 218.5.

58. Plaintiffs seek to recover interest on any wages or penalties recovered as provided by law.

59. Labor Code § 218 provides for a private right of action to recover wages and penalties under the Labor Code. Plaintiffs and the class seek to recover § 203 penalties directly under § 218, and attorneys' fees under § 218.5.

## IX. FIFTH CAUSE OF ACTION
## (FAILURE TO PAY MINIMUM WAGES)

(Labor Code §§ 223, 1194, 1194.2, 1197; Wage Order 1, § 4)

60. All Plaintiffs re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 59 above, as though fully set forth at length herein.

61. The wages, hours and working conditions of individuals employed in the manufacturing industry, such as Plaintiffs, are regulated by Industrial Welfare Commission Wage Order 1-2001, Cal. Code Regs. tit. 8, § 11010 ("Wage Order 1") and various provisions of the Labor Code. As described in California Labor Code §§1185 and 1194.2, any action for wages incorporates the applicable Wage Order of the California Industrial Welfare Commission.

62. California Labor Code §1197 states: "The minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed is unlawful." The applicable minimum wages fixed by the commission for manufacturing industry workers is found in Wage Order 1-2001(4)(A), which states: "Every employer shall pay to each employee wages not less than . . . (a) Ten dollars and fifty cents ($10.50) per hour for all hours worked, effective January 1, 2017; (b) Eleven dollars ($11.00) per hour for all hours worked, effective January 1, 2018; (c) Twelve dollars ($12.00) per hour for all hours worked, effective January 1, 2019; and (d) Thirteen dollars ($13.00) per hour for all hours worked, effective January 1, 2020 . . ."

63. The Minimum Wage provisions of California Labor Code are enforceable by private civil action pursuant to California Labor Code §1194(a) which states: "Notwithstanding

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608-2609(510) 337-1001

10
FOURTH AMENDED COMPLAINT FOR DAMAGES

any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees and costs of suit."

64. California Labor Code §1194.2 also provides for the following remedies: "In any action under Section 1194 . . . to recover wages because of the payment of a wage less than the minimum wages fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon." An employee who is paid less than the minimum wage for any hours worked is therefore entitled to his or her unpaid wages at their regular rate of pay in addition to liquidated damages at the equal to the unpaid minimum wages, plus interest.  Cal. Labor Code §§ 98, 1194.2.

65. At all relevant times, Defendants have failed to pay Plaintiffs for all hours worked, in violation of the above provisions.  Defendants instructed Plaintiffs to record their hours worked by recording the start and end times of each shift on physical timecards.

66. At all relevant times, Defendants regularly issued paychecks which did not include wages for all the time recorded by Plaintiffs.

67. By the conduct described above, Plaintiffs have been deprived of rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to adhere to the requirements set forth in the foregoing statutes and regulations.  Plaintiffs are entitled and hereby seek to recover such amounts, including liquidated damages at the minimum wage, plus interest thereon, attorneys' fees, and costs.

## X. SIXTH CAUSE OF ACTION

### (FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS)
### (Labor Code §§ 226, 1174, Wage Order 1, § 7)

68. All Plaintiffs re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 67 above, as though fully set forth at length herein.

69. California Labor Code § 226(a) states that every employer shall, semi-monthly or at the time of each payment of wages, furnish each of his or her employees an accurate itemized

statement in writing showing substantial detailed information, including but not limited to, each hour worked, each wage rate applied, the inclusive dates of the pay period, and the name and address of the legal entity that is the employer.

70. Labor Code § 1174(d) requires the employer to keep payroll records showing hours worked and wages paid.

71. Similar requirements as those found in Labor Code §§226(a) and 1174(d) are imposed under Wage Order 1, § 7.  The Wage Order also requires an accurate record of each work period.

72. During the statutory period, Defendant consistently, knowingly, and intentionally failed to provide Plaintiffs with accurate itemized statements and keep adequate payroll records showing all of the information required in Labor Code §226.  Defendant failed to include all applicable hourly rates and the corresponding hours worked at each as it failed to list the hours and rates for a weekend pay differential, failed to list the accurate gross wages earned as Plaintiffs are still owed premium wages for missed meal and rest periods, and failed to include an address for the employer that is located within the United States.

73. As a result of Defendant's knowing and intentional failure to comply with the provisions of Labor Code §§ 226(a) and 1174(d), Plaintiffs have been deprived of wage and hour information and wages entitled to them by law.  This establishes injury under § 226(e)(2).

74. Plaintiffs are entitled to and seek the remedy provided in Labor Code § 226(e), the greater of all actual damages or fifty dollars ($50) for the initial pay period in which the violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000) per employee or former employee, and an award of costs and reasonable attorney's fees.

75. Wage Order 1, § 20(A) provides for civil penalties for violations.  As a result of all Defendant's violations of Wage Order 1, § 7, Plaintiffs are entitled to and hereby seek civil penalties in the amount of $50 for the first violation and $100 for each subsequent pay period for each affected employee.

Wherefore, Plaintiffs pray for judgment as set forth below.

## XI. SEVENTH CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW)

### (Business & Professions Code §§ 17200, et seq.)

76. All Plaintiffs re-allege and incorporate paragraphs 1 through 75, inclusive, as though set forth fully herein.

77. California Business and Professions Code §§ 17200 et seq. prohibits unfair competition in the form of any unlawful, unfair, deceptive, or fraudulent business practice.

78. During the statutory period, Defendant committed unlawful acts as defined by California Business & Professions Code § 17200. Defendant has engaged in unlawful and unfair business practices including, but not limited to, violations of Labor Code §§ 223, 1194, 1194.2, 1197, 226.7, 512, and 1174, and Wage Order 1, §§ 7, 11 and 12.

79. The violation of these laws serve as unlawful predicate acts for purposes of Business & Professions Code § 17200 and remedies are provided therein under Business & Professions Code § 17203. Plaintiffs have suffered direct economic injury in that they have not been paid all wages and compensation due.

80. The acts and practices described in this Complaint constitute unlawful, unfair and fraudulent business practices, and unfair competition by Defendant within the meaning of Business and Professions Code §§ 17200 et seq.

81. Business & Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition and to which those person have an ownership interest. Plaintiffs are entitled to restitution pursuant to Business & Professions Codes §§ 17203 and 17208 for all wages unlawfully withheld from them. Plaintiffs will, upon leave of the Court, amend this Complaint to state such amounts when they become ascertained.

82. Plaintiffs' success in this action will enforce important rights affecting the public interest. Plaintiffs seek and are entitled to unpaid compensation for missed rest periods and any other remedy owing to Plaintiffs.

83. To prevent Defendant from profiting and benefiting from its wrongful and illegal

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1375 55th Street
Emeryville, CA 94608-2609 (510) 337-1001

13
FOURTH AMENDED COMPLAINT FOR DAMAGES

acts, it is appropriate and necessary to enter an order requiring Defendant to restore to Plaintiffs monies that are owed.

84. Plaintiffs herein take upon themselves enforcement of these laws and lawful claims. There is a financial burden incurred in pursuing this action and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. The enforcement of the state wage and hours laws will confer a public benefit as the failure to provide appropriate wages for all hours worked and failure to provide paid rest breaks are both actions that violate the state's public policy of wage and rest protections for employees. Therefore, attorneys' fees are appropriate pursuant to California Code of Civil Procedure § 1021.5 and any other applicable statute.

85. Plaintiffs' prospective damages in the form of unpaid wages are inadequate to remedy the harms described. Plaintiffs' are covered by a collective bargaining agreement which includes benefits such as a pension, 401(k), and disability supplement. The benefit amounts are based in part on contributions, which are in turn based on Plaintiffs' earnings. For example, the Disability Supplement provided for at Article 17(D) of the CBA provides that the employer will provide disability "insurance" to supplement the employee's primary income, up to 70% of the employee's regular gross pay. Plaintiffs' substantial underpayment based on the violations described herein has the effect of lowering the amount each Plaintiff is entitled to under Article 17(D). The harms Plaintiffs' suffered with respect to benefits are not recoverable as damages under the Labor Code or provided as a remedy under the Fair Labor Standards Act. Plaintiffs' are therefore entitled to seek restitution under the UCL to return the Plaintiffs to the position they would have been in but for the Defendant's underpayment of compensation. Plaintiffs will continue, through discovery, to identify the harms suffered as a result of the employer's failure to comply with state and federal wage and hour regulations.

Wherefore, Plaintiffs pray for judgment as set forth below.

## XII. PRAYER FOR RELIEF

Plaintiffs pray for judgment as follows:

1. For an award of damages in an amount according to proof with interest thereon;

2. For an award of restitution and wages according to proof under Labor Code §§ 226.7, 512, and Business & Professions Code §§ 17200 and 17203 and any other applicable provision;

3. For payment of unpaid overtime compensation pursuant to Labor Code §§ 218, 1194, in an amount according to proof.

4. For payment of unpaid wages pursuant to Labor Code §§ 223, 1194, 1194.2, 1197, Industrial Welfare Commission Order No. 1 §4, in an amount according to proof.

5. For penalties under Labor Code §§ 203, 226, Wage Order 1, § 20 and any other applicable provisions;

5. For interest under Labor Code §§ 218.6, 1194, and any other applicable provisions;

6. For an award of reasonable attorneys' fees, costs and interest thereon pursuant to CCP § 1021.5, Labor Code §§ 218.5, 226, 1194, and any other applicable provision; and

7. For such other and further relief as the Court deems just and proper.

Dated: October 12, 2021

WEINBERG, ROGER & ROSENFELD
A Professional Corporation

By: /S/ CAREN P. SENCER
CAREN P. SENCER
COREY KNISS

Attorneys for Plaintiffs DAVID BLAKE; ROLANDO LUGO; BRITON DAVIS; TASHYIA SMITH; KYLE DAVIS; MARCO GUTIERREZ; GIOVANNI LOPEZ; and ERIC KINDER

## CERTIFICATE OF SERVICE

I am a citizen of the United States and an employee in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 800 Wilshire Boulevard, Ste. 1020, Los Angeles, California 90012.

I hereby certify that on October 12, 2021, I electronically filed the foregoing **FOURTH AMENDED COMPLAINT FOR DAMAGES** with the United States District Court Northern District of California, by using the Court's CM/ECF system.

I certify under penalty of perjury that the above is true and correct. Executed at Los Angeles, California, on October 12, 2021.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Notice of Electronic Filing by CM/ECF system.

_____
Frances M. Carrillo

150635\1212773

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
(510) 337-1001

1
FOURTH AMENDED COMPLAINT FOR DAMAGES